IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| L.O.I. Property, LLC, *et al.*, : | |
| : | Case No. 1:20-cv-1020 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | Order Overruling Objections, Adopting |
| Butler County, Ohio, *et al.*, : | Report and Recommendation, and Granting |
| : | Motion for Judgment on the Pleadings |
| Defendants. : | |

Plaintiffs L.O.I. Property, LLC, B.A.O. Productions, LLC, and Brett Oakley initiated this action against Defendants Butler County, Ohio, the Butler County Board of County Commissioners, and Peter Acuff, in his official capacity as the Butler County Planning Administrator, alleging due process claims, equal protection clause claims, and a violation of the Butler County Rural Zoning Resolution. (Doc. 1.) Defendants filed a Motion for Judgment on the Pleadings, which was fully briefed by both parties. (Docs. 17, 25, 35.) On February 12, 2022, Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation recommending that the Court grant the Motion for Judgment on the Pleadings, dismiss with prejudice the due process and equal protection claims, and dismiss without prejudice the Rural Zoning Resolution claim. (Doc. 31.) Plaintiffs then filed Objections to the Report and Recommendation, to which Defendants filed a Response in Opposition, and Plaintiffs filed a Reply. (Docs. 32, 34, 35.) This matter is now ripe for the Court's review. For the reasons that follow, the Court will **OVERRULE** the Objections, **ADOPT** the Report and Recommendation, and **GRANT** the Motion for Judgment on the Pleadings.

1

I.  BACKGROUND

Plaintiff Brett Oakley owns and operates Land of Illusion Adventure Park, a regional family entertainment venue, in Madison Township, Butler County, Ohio. (Doc. 1 at PageID 2.) In March 2020, Land of Illusion sought a zoning change for a business planned-unit development ("BPUD") encompassing 228 acres at 8762 Thomas Road to expand the adventure park. (*Id*. at PageID 13–14.) Plaintiffs allege this BPUD request "came at the recommendation of Butler County planning staff, including Mr. [Peter] Acuff—who suggested that rather than seeking to piecemeal zoning changes for the property, it would be better to have a cohesive plan for any future expansion." (*Id*. at PageID 13.) Applications for zoning changes such as the implementation of a BPUD proceeded in stages, beginning with the Butler County Planning Commission, then to the Butler County Rural Zoning Commission, and finally to the Butler County Board of County Commissioners. (Doc. 25-1 at PageID 409–410.)

After Plaintiffs submitted their initial zoning-change application in March 2020, "the Butler County planning staff . . . recommended approval at the preliminary stage," as did the Planning Commission on a unanimous basis. (Doc. 1 at PageID 14.) The Rural Zoning Commission, however, unanimously recommended the application be denied. (*Id*.) Plaintiffs allege that prior to a hearing before the Board of County Commissioners, they withdrew the application "in an effort to take the suggestions and comments from Butler County planning staff and amend the initial application." (*Id*.)

Plaintiffs submitted an amended application on September 22, 2020, which "contemplated many of the comments from the initial application and made changes to address concerns expressed by Butler County staff and nearby residents." (*Id*.) Despite the changes made by Plaintiffs, the Butler County planning staff, without offering any explanation, changed

2

their recommendation from approval of the preliminary BPUD application to denial. (*Id*. at PageID 15.) After holding a hearing on the application, the Planning Commission similarly reversed course, unanimously recommending denial without providing the reasoning for its decision. (*Id*.) Plaintiffs also allege the Rural Zoning Commission unanimously recommended denial of the application without providing any reasoning. (*Id*.) Ultimately, the County Commissioners voted to deny Plaintiffs' application. (*Id*.)

Defendants supplemented the allegations in the Complaint by filing into the record the written recommendations of the Planning Commission dated October 13, 2020 and the Rural Zoning Commission dated October 26, 2020, and the decision of the County Commissioners dated December 12, 2020. (Doc. 17-1 at 131, 132, and 133–138, respectively.)[1] The Planning Commission stated in conclusory fashion that it was recommending the denial of the requested zoning change because rezoning was "not generally consistent with the Comprehensive Plan for Butler County." (Doc. 17-1 at PageID 131.) Similarly, the Rural Zoning Commission stated recommended denial because rezoning "is not consistent with the adopted Future Land Use Plan." (*Id.* at PageID 132.)

The County Commissioners were more expansive when they provided the following findings of fact:

> 1. The requested zoning map amendment to B-PUD for Land of Illusion (RZC 20-03) does not conform to the adopted Madison Township Proposed Land Use Plan's recommendation of residential or agricultural use for the subject site.
>
> 2. Analysis of Madison Township's development over the last 10-20 years shows very little change in the character of the Township, suggesting that the Land Use Plan adopted in 2001 is still relevant and applicable:

---

[1] The Court may consider public records that are referenced in or central to the allegations in a complaint without converting a Rule 12 motion into a Rule 56 motion. *See Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011); *In re Keithley Instruments, Inc. Sec. Litig.*, 268 F. Supp. 2d 887, 893 (N.D. Ohio 2002).

> a. Since 2000, the Township's population has only increased by 2%, from 8,611 to 8,772 persons[.]
>
> b. Over the last ten years, there has only been an average of 5.8 new homes built annually, comprising 1.4% of residential permits issued countywide[.]
>
> c. A Department of Development planning study conducted in 2019 shows that land uses have remained stable over the past two decades, with only minor fluctuations in the percentage of land dedicated to agricultural, residential, recreational, commercial, and industrial uses.
>
> d. Since 2004, the County has considered ten zone change requests in Madison Township, only five of which were approved (two cases in 2004 and one case each in 2005, 2011, and 2019). Two prior zone change requests for the subject site (in 2015 and 2020) were withdrawn by the applicant.

3. The high-intensity commercial recreation uses proposed in the Preliminary Development Plan (PDP) are likely to adversely impact the existing land uses and have detrimental effects on the surrounding rural residential development, particularly with respect to development density and intensity, quality of life and enjoyment of property as zoned, and/or other public health, safety and general welfare elements, including but not limited to noise, traffic, sanitary wastewater treatment, storm water runoff, and demand for local emergency services.

4. The PDP does not adequately address the aforementioned adverse impacts or detrimental effects or adjoining property owners' voiced concerns during the public hearings process.

5. The PDP does not integrate or demonstrate protections to and for the public health, safety, and general welfare of the residents of Madison Township and Butler County, Ohio.

6. Relevant state and local agencies (Ohio EPA, Butler County General Health District, Butler Soil and Water Conservation District) have questioned the ability of the proposed project as illustrated in the PDP to provide public services in an effective manner.

7. The existing zoning districts on the subject site currently allow a broad range of uses, including production agriculture, residential development, and general business or institutional uses.

8. The Madison Township Trustees have expressed their opposition to the requested zoning map amendment.

(Doc. 17-1 at PageID 134–135.) The County Commissioners then denied Plaintiffs' requested zoning change concluding that the request was inconsistent with the Land Use Plan and development patterns in the area; did not promote public health, safety, or welfare of the adjoining property owners or residents of Butler County; and would constitute unnecessary business zoning at the expense of adjoining existing land uses. (*Id.* at PageID 135.)

Less than one week after the denial of their request, Plaintiffs filed their Complaint against Defendants. Plaintiffs asserted due process claims under the United States and Ohio Constitutions (Counts One and Two), equal protection claims under the United States and Ohio Constitutions (Counts Five and Six), and a claim for violation of the Butler County Rural Zoning Resolution (Count Ten). (Doc. 1.)[2] Defendants filed their Answer, and then after the Magistrate Judge held a preliminary pretrial conference, Defendants filed the pending Motion for Judgment on the Pleadings. (Docs. 10, 17.) The Magistrate Judge recommended granting judgment with prejudice to Defendants on the due process and equal protection claims. She also recommended declining to exercise jurisdiction over the remaining state law claim, and thus dismissing it without prejudice. (Doc. 31 at PageID 786.)

**II.    STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." The legal standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating a Rule 12(b)(6) motion. *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] Plaintiffs also alleged causes of action against Madison Township, Ohio and the Madison Township Board of Township Trustees, but both defendants were dismissed from this lawsuit in November 2021. (Doc. 26.)

The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is *plausible* on its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve an issue for review: "[a] general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.  ANALYSIS

Plaintiffs raise a host of objections to the Report and Recommendation, many of which simply re-hash the arguments they made in the original round of briefing on the Motion for Judgment on the Pleadings. The Court will not address each of Plaintiffs' objections, but rather will highlight a few specific objections. Upon consideration, the Court agrees with and will adopt the well-reasoned analysis of the Magistrate Judge.

#### A.  Due Process Claims

Plaintiffs allege that Defendants violated their substantive and procedural due process rights in violation of the United States and Ohio Constitutions. (Doc. 1 at PageID 16–22.) The

6

Magistrate Judge correctly determined that the federal and state due process claims could be addressed together. *Tri-Cty. Concrete Co. v. City of N. Royalton*, No. 98-3262, 1999 WL 357789, at *4 (6th Cir. May 14, 1999); *see also Simpkins v. Grace Brethren Church of Del., Ohio*, 149 Ohio St. 3d 307, 75 N.E.3d 122, 132 (2016) ("We have generally recognized the Ohio Constitution's 'due course of law' provision as the equivalent of the Due Process Clause in the United States Constitution."). "Procedural due process is traditionally viewed as the requirement that the government provide a 'fair procedure' when depriving someone of life, liberty, or property." *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). "[S]ubstantive due process protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Id.* (internal quotation and citation omitted). A plaintiff must have a protectable property interest to establish either type of due process violation. *See Tollbrook, LLC v. City of Troy*, 774 F. App'x 929, 933 (6th Cir. 2019) (regarding substantive due process); *Wayne Watson Enters., LLC v. City of Cambridge*, 751 F. App'x 760, 763 (6th Cir. 2018) (regarding procedural and substantive due process).[3] "Property rights are created and defined by independent sources such as state law and not by the Constitution." *Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008).

"In order to have a property interest in a benefit, a person must have more than a desire for it or unilateral expectation of it; rather, he must have a legitimate claim of entitlement to it—in this case, a legitimate claim or an entitlement to a rezoning." *Id.* (internal quotation and citation omitted). "A property owner arguably has a property right where the government *rezones* an existing property." *Id.* "Citizens have a substantive due process right not to be subjected to arbitrary or irrational zoning decisions." *Tollbrook*, 774 F. App'x at 933 (citation

---

[3] Although Plaintiffs assert a violation of undefined liberty interests in the Complaint, they argue in their briefs only that their property rights were denied.

7

omitted). However, "in order to establish a property right in a future, rezoned land use, an individual must point to some policy, law, or mutually explicit understanding that both confers the benefit and limits the discretion of the [government] to rescind the benefit." *Braun*, 519 F.3d at 573 (cleaned up). It follows that "[a] party cannot possess a property interest in the receipt of a benefit when the [government]'s decision to award or withhold the benefit is wholly discretionary." *EJS Props.*, 698 F.3d at 856 (citation omitted). For example, "when a municipality retains the discretion to deny a plaintiff's requested land use, even if all mandatory requirements are met, he does not have the requisite legitimate claim of entitlement or justifiable expectation needed to establish a property interest in a particular use of his land." *McGuire v. City of Moraine, Ohio*, 178 F. Supp. 2d 882, 892 (S.D. Ohio 2001) (internal quotations and citations omitted).

      Plaintiffs argue that the Magistrate Judge erred in determining that they did not have a protectable property interest in having their application for a preliminary BPUD approved. Specifically, Plaintiffs argue that this case is more like *Ritz v. City of Findlay*, No. 3:07 CV 3716, 2009 WL 1954635 (N.D. Ohio July 6, 2009), than *Oberer Land Developers, Ltd. v. Sugarcreek Twp.*, No. 3:19-cv-82, 2020 WL 1466184 (S.D. Ohio Mar. 26, 2020). In *Ritz*, the court found that a city planning committee lacked discretion to deny the plaintiffs' land use application because it fully conformed with the city ordinance requirements. 2009 WL 1954635, at *5. The applicable city ordinance stated that the commission "shall consider" certain matters and then approve, approve with conditions, or "reject the site plan submission if it is nonconforming." *Id.* The court found that the ordinance's use of the term "shall" required the planning committee to approve all conforming applications, with or without conditions, and that this requirement established a constitutionally protected property interest. *Id.* at *5-6. In *Oberer*, conversely, the

8

applicable zoning resolution provided a list of criteria for the board of trustees to consider when reviewing a plan submission, but "nothing indicate[d] that, if all the criterial were satisfied, the application must be approved." 2020 WL 1466184, at *7. The district court in *Oberer* also found that that some of the zoning criteria set forth in the zoning resolution were subjective, not objective, adding to the discretionary nature of the zoning decision. *Id*. The district court concluded that because a board of trustees "had discretion to approve or reject the proposed development plan," the developer plaintiffs did not have a protected property interest in approval. 2020 WL 1466184, at *5.

This Court agrees with the Magistrate Judge that *Ritz* is distinguishable and *Oberer* is the more instructive precedent. Plaintiffs do not challenge the Magistrate Judge's finding that a county commission's approval of a preliminary BPUD application is discretionary under Ohio Revised Code § 303.12(E)–(H). Instead, Plaintiffs argue that approval of a preliminary BPUD is not discretionary under the Rural Zoning Resolution.

The Rural Zoning Resolution here provides a list of eight conditions in §§ 13.041–13.048 required for approval of a preliminary BPUD application, but it does not mandate approval if the conditions are met. (Doc. 25-1 at PageID 411.) Instead, it provides that the County Commissioners can "approve, modify, or disapprove the application." (*Id.* at PageID 410.) Moreover, as in *Oberer*, some preliminary approval conditions in the Rural Zoning Resolution are inherently subjective. Condition § 13.044 requires a finding that the proposed uses will have a "beneficial effect" on the present and potential surrounding land uses, and condition § 13.048 requires a finding that the proposed plan would "promote health, safety, and general welfare" of Butler County residents. (*Id.* at PageID 411.) Because at least two of the approval conditions were inherently subjective, and because approval was not mandatory even if the conditions were

9

satisfied, Plaintiffs did not have a legitimate claim to entitlement of approval of their preliminary BPUD application. Accordingly, Plaintiffs have failed to allege that they have a protected property interest, and Defendants are entitled to judgment on the pleadings on the substantive and procedural due process claims.

**B.      Equal Protection Claims**

Plaintiffs also object to the Magistrate Judge's recommendation that the equal protection claims be dismissed. Plaintiffs allege that Defendants subjected Plaintiffs to unequal treatment because they previously voted to approve some zoning changes that are inconsistent with the Madison Township Land Use Plan and other zoning changes that are inconsistent with current land use plans. (Doc. 1 at PageID 28–31.) "Equal Protection claims under the Ohio Constitution and the Fourteenth Amendment of the United States Constitution are governed by essentially the same standards." *Ullmo v. Ohio Tpk. & Infrastructure Comm'n*, 126 F. Supp. 3d 910, 919 (N.D. Ohio 2015).

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To state an equal protection claim, a party must claim that the government treated similarly situated persons differently." *Braun*, 519 F.3d at 574. Equal protection claims can be brought by a "class of one," where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated and that there was no rational basis for such difference in treatment. *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2005). A class-of-one plaintiff may demonstrate that a government action lacks a rational basis by negating every conceivable basis which might support the government action or by demonstrating that the action was motivated by animus or ill will. *Id.* at 711. The ill will or animus must be directed towards the class-of-one

10

plaintiff personally, not towards the zoning application. *Ziss Bros. Constr. Co. v. City of Independence*, 439 F. App'x 467, 479 (6th Cir. 2011).

The Magistrate Judge recommended dismissing Plaintiffs' equal protection claims in part because Plaintiffs failed to adequately plead that they were treated differently than similarly-situated zoning applicants. The Magistrate Judge stated that Plaintiffs' broad allegations "based on information and belief" that "the other property owners [who] were treated differently (better) than [Plaintiffs] were similarly situated in all material respects" did not satisfy the *Iqbal-Twombly* plausibility standard. (Doc. 1 at PageID 29, 30.) Plaintiffs object that the Magistrate Judge erred because allegations based on information and belief can satisfy the plausibility standard. Plaintiffs are correct in the abstract, but the Court agrees with the Magistrate Judge that their allegations did not meet the plausibility standard.

Allegations based upon information and belief are appropriate "where a complaint contains supporting factual allegations." *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 1599518, at *3 (S.D. Ohio Apr. 21, 2014). For example, facts may be alleged on information and belief when the facts are in the possession of the defendant. *Id.* A plaintiff "must plead facts that create a permissible inference of wrongdoing." *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) (internal quotation and citation omitted). "The mere fact that someone believes something to be true does not create a plausible inference that it is true." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

11

Plaintiffs' allegations in this suit fail because they do not provide facts to support the allegations based on "information and belief." Plaintiffs do not allege that the supporting facts about similarly-situated zoning applicants are solely in the possession and control of Defendants. At least some records pertaining to the actions taken by Defendants are public records. For example, the meeting agenda, minutes, and audio recordings for the Rural Zoning Commission are available online. Butler County Department of Development, *Rural Zoning Commission*, http://development.butlercountyohio.org/content/txtcontent/plan/RuralZoningComm.cfm (last viewed 5/11/2022.)

Also, the Court notes that Plaintiffs asserted in the Factual Allegations section of the Complaint that "the County Commissioners permitted the B-PUD along Trenton Franklin Road—the current home to Rowe Sports Complex—despite it not being consistent with the Township's 2001 Land Use Plan." (Doc. 1 at PageID 11.) Plaintiffs do not allege, however, that the Rowe Sports Complex BPUD developers were similar to them in all relevant respects. They do not allege facts about the size of the Rowe Sports Complex BPUD, the land uses and zoning of the surrounding areas, or its impact upon public health, safety, or welfare of Butler County residents—facts that might have enabled the Court to determine whether it is plausible that Plaintiffs were similarly situated to the Rowe Sports Complex BPUD developers. Plaintiffs' upon-information-and-belief allegations here are not sufficient to state a plausible claim that Defendants treated similarly-situated applicants differently.

Separately, Plaintiffs also object that the Magistrate Judge erred in determining that they had not adequately pleaded that Defendants acted with animus or ill will. Plaintiffs identify only two allegations that might support a finding that Defendants acted with animus or ill will. First, Plaintiffs allege that sometime between 1997 and 2004 Defendants forced Plaintiff Oakley to

12

close a haunted trail operation located at his home on Meyer Road that he used to raise funds for the Madison Township Fire Department. (Doc. 1 at PageID 6.) However, Plaintiffs allege in the next paragraph that Oakley "purchased an old salvage yard in 2004" to expand the Halloween operation "into a more permanent and *safer* environment." (*Id.*) The plausible inference from these allegations taken together is that Defendants had concerns about the safety of the haunted trail on residential property, not that Defendants had ill will or animus towards Plaintiff Oakley.

Second, Plaintiffs assert that Defendants' denial of Plaintiffs' preliminary BPUD application despite Defendant Acuff's recommendation to apply for a business planned-unit development at the site indicates ill will or personal animus. The Court does not agree. Plaintiffs do not allege that Acuff guaranteed or could have guaranteed the support of the County Commissioners for a BPUD at the site. Rather, the Rural Zoning Resolution at § 13.02 expressly provides that statements by the Zoning Administrator and the Planning Commission prior to the preparation of a preliminary planned-unit development are not binding upon the County Commissioners. (Doc. 25-1 at PageID 409.) Plaintiffs also have not pleaded facts suggesting that Defendants made statements that indicated hostility towards Plaintiff Oakley or towards his associated businesses. Instead, Plaintiffs make the circular argument that Defendants must have had animus against him because they denied the preliminary BPUD application, and that they denied the preliminary BPUD application because they had animus against him. Plaintiffs' argument also is undercut by their factual allegations that Defendants approved for Plaintiffs a specific zoning change in 2005 and "a number of variances and conditional-use permits" between 2005 and 2020. (Doc. 1 at PageID 13.)

The Court concludes that Plaintiffs have not stated a plausible claim that Defendants treated Plaintiffs differently than similarly-situated zoning applicants nor that Defendants acted

with ill will or malice towards Plaintiffs. The class-of-one equal protection claims fail as a matter of law.

**C.     Dismissal with Prejudice**

Before turning to the remaining state law claim, the Court will address Plaintiffs' argument that the Magistrate Judge should not have dismissed Plaintiffs' due process and equal protection claims *with prejudice*. They request that any dismissal be made *without prejudice* so that Plaintiffs can address the deficiencies in the Complaint. However, Plaintiffs have not moved to amend the Complaint nor identified additional factual allegations that would make their claims sustainable. The Court will deny this roundabout request to amend. "A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits, and is therefore done with prejudice." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (cleaned up). If Plaintiffs wanted to move to amend their Complaint, they should have filed a motion to amend and a proposed amended complaint before the Magistrate Judge issued her Report and Recommendation. *Cf. Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 783–784 (6th Cir. 2000) (affirming a district court decision that the plaintiffs were not entitled to an advisory opinion informing them of the deficiencies of their complaint and an opportunity to amend).

**D.     Remaining State Law Claim**

Plaintiffs allege in their final claim that Defendants violated the Butler County Rural Zoning Resolution. (Doc. 1 at PageID 34–36.) The Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over this claim because the federal claims are being dismissed with prejudice. Plaintiffs' only objection to this recommendation is that dismissal of the state claim is not necessary because the federal claims should not be dismissed. The Court is dismissing the due process and equal protection claims with prejudice.

14

Accordingly, the Court will decline to exercise jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(3).

IV. **CONCLUSION**

For the foregoing reasons, Plaintiffs' Objections are **OVERRULED**, the Report and Recommendation is **ADOPTED**, and Defendants' Motion for Judgment on the Pleadings is **GRANTED**.  (Docs. 17, 31, 32.)  The due process claims (Counts One and Two) and equal protection claims (Counts Five and Six) are dismissed with prejudice.  The claim for violation of the Rural Zoning Resolution (Count Ten) is dismissed without prejudice.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge